**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ALLAN PENA, et al., | ) |
| Plaintiffs, | ) Case No. 2:15-cv-00482-APG-CWH |
| vs. | ) **ORDER** |
| MANUEL IBARRA, et al., | ) |
| Defendants. | ) |

Presently before the Court is Defendants' Motion in Limine to Limit Testimony of Plaintiffs' Experts and Treating Physicians as to Their Treatment of Plaintiff Only (ECF No. 12), filed on September 4, 2015. Plaintiffs did not oppose the motion.

Defendants argue that in Plaintiffs' initial expert disclosures, Plaintiffs designated two expert witnesses, Stuart Kaplan, M.D. and Michael Prater, M.D. Defendants further argue that Plaintiffs failed to disclose expert reports for these witnesses. Defendants contend that they would be severely prejudiced if these witnesses were allowed to testify as experts because Defendants have not received expert reports explaining the witnesses' opinions and because the rebuttal expert disclosure deadline already has passed. Defendants therefore request that Drs. Kaplan and Prater be stricken as experts and that they be limited to testifying at trial in their capacity as Plaintiffs' treating physicians, which does not include giving opinions on causation of the plaintiffs' injuries, future medical needs, or the reasonableness of the course and cost of treatment from other providers. Additionally, Defendants request that the six non-retained physicians listed in Plaintiffs' initial disclosures be precluded from providing expert testimony beyond the scope of their treatment of Plaintiffs. Finally, Defendants request that Plaintiffs' treating physicians be precluded from testifying in rebuttal to opinions stated by Defendants' specially retained expert witness.

The Court will grant Defendants' motion in part and deny it in part. *See* Local Rule 7-2(d) (stating that "[t]he failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion"). Specifically, the Court will grant the motion to the extent that it will strike Drs. Kaplan and Prater as expert witnesses. At trial, Drs. Kaplan and Prater may not provide testimony outside their capacity as Plaintiffs' treating physicians. The Court further will order that Plaintiffs' six other non-retained physician witnesses may not provide testimony at trial outside their capacity as Plaintiffs' treating physicians. The Court will deny Defendants' motion to exclude rebuttal expert testimony by Plaintiffs' treating physician witnesses without prejudice for Defendants to renew the motion in the context of the evidence presented at trial.

IT IS THEREFORE ORDERED that Defendants' Motion in Limine to Limit Testimony of Plaintiffs' Experts and Treating Physicians as to Their Treatment of Plaintiff Only (ECF No. 12) is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that Drs. Kaplan and Prater are stricken as expert witnesses and may not testify at trial outside their capacity as Plaintiffs' treating physicians.

IT IS FURTHER ORDERED that Plaintiffs six non-retained physician witnesses may testify at trial outside their capacity as Plaintiffs' treating physicians.

IT IS FURTHER ORDERED that Defendants' motion to exclude rebuttal expert testimony by Plaintiffs' treating physicians is DENIED without prejudice for Defendants to renew the motion in the context of the evidence presented at trial.

DATED: November 2, 2015.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**